McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Kevin D. Hansen, #119831
  *kevin.hansen@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Maria E. Valencia, #330872
  *maria.valencia@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for AMERICAN HOME
ASSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY MILLER, | Case No. |
| Plaintiff, | **DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S NOTICE OF REMOVAL** |
| v. | |
| AMERICAN HOME ASSURANCE COMPANY AND DOES 1 THROUGH 20, INCLUSIVE, | |
| Defendant. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant AMERICAN HOME ASSURANCE COMPANY ("American") hereby removes the action styled *Jeffrey Miller v. American Home Assurance Company* filed in the Superior Court of California, County of Napa, case no. 22CV001366 ("the Action"), to the United States District Court, Northern District of California. As grounds for this removal, American states the following:

/ / /

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Case No.

NOTICE OF REMOVAL

## I. RELEVANT FACTUAL BACKGROUND

### C. Plaintiff's Complaint

1. On November 10, 2022, Plaintiff Jeffrey Miller filed his Complaint against American in the Action. A copy of the Complaint is attached herewith as Exhibit "A".

2. On November 15, 2022, Plaintiff served the Complaint on American via its registered agent for service of process. *See* Exhibit "B".

3. Plaintiff alleges that American issued a Private Collections Policy, policy number PCG 0001858309 (the "Private Collections Policy") to him which was issued for the policy period June 5, 2020 to June 6, 2021, and which was "specifically written for owners and investors in high value artwork".

4. Plaintiff alleges that the Private Collections Policy provides a "total Limit of Indemnity for the Fine Art portion of the policy" of "$18,524,759". Plaintiff also alleges that the Private Collections Policy provided "additional coverage for jewelry, musical instruments, and wine which are not at issue" in this litigation.

5. Plaintiff alleges that during the term of the Private Collections Policy, his artwork "within the residence" and "most of the outdoor artwork (including sculptures, paintings, and furniture) was burned or damaged" during the Glass Fire.

6. Plaintiff alleges that "[f]ollowing the fire, Plaintiff promptly tendered a claim to" American "under his" Private Collections Policy; that American "accepted the claim, acknowledged coverage under the [Private Collections Policy] and began working with Plaintiff and remediation experts to repair the damaged artwork."

7. Plaintiff then alleges that "at the conclusion of the remediation, a dispute arose between Plaintiff and [American] regarding the actual losses incurred from the fire." Specifically, Plaintiff alleges American refused "to pay Plaintiff for the actual depreciation in value of his artwork", and that "he is owed the difference in costs between the value of the artwork immediately before the fire and the actual value of the artwork following remediation."

/ / /

/ / /

8. Plaintiff also alleges that American "breached its obligations under the Policy by performing an erroneous and unreasonable coverage analysis contrary to express Policy language, adopting a coverage interpretation of policy language intended to reduce their liability to less than what is owed under the policy and by refusing to pay for the actual loss of value from the artworks pre-fire condition."

9. Plaintiff further alleges American breached the covenant of good faith and fair dealing because American allegedly "wrongfully refused to pay Plaintiff the actual loss of value from the artworks pre-fire condition;" "knowingly and wrongfully sought to reduce their liability under the Policy…;" "failed to properly investigate, evaluate and process Plaintiff's insurance claim…;" "conducted a biased and unreasonable investigation through outside investigators and consultants;" improperly gave "greater weight to their own interest in avoiding their coverage obligations than they accorded to Plaintiff's interest in a prompt and complete payment;" and "unreasonably exposed Plaintiff to significant damage and expense by forcing Plaintiff to litigate to compel [American] to comply with their obligations under the Policy."

10. In the Complaint, Plaintiff asserts claims for (1) Breach of Contract, and (2) Breach of Covenant of Good Faith and Fair Dealing. With respect to the first cause of action, the Complaint prays for: (1) a judicial declaration that American breached its obligations to Plaintiff; (2) compensatory damages including attorney's fees, costs and expenses; and (3) other relief which the Court may deem just and proper. With respect to the second cause of action, the Complaint prays for (1) a judicial declaration that American breached the covenant of good faith and fair dealing; (2) compensatory damages including attorney fees pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813 (1985), costs and expenses and interest; and (3) punitive damages; and (4) other relief which the Court may deem just and proper. Plaintiff's complaint alleges that "Plaintiff has sustained losses", and that "[t]o date, these amounts total more than $4,000,000, with the exact amount to be proven at trial."

/ / /

/ / /

/ / /

### D. Removal Jurisdiction

11. The action is one of which the district courts of the United States have original jurisdiction on the basis of federal diversity jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1). The action may be removed to this court by Defendant American pursuant to the provisions of 28 U.S.C. §§ 1332, 1441(a), and 1446 in that it is a civil action between citizens of different States in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based."

### E. Citizenship

12. At the time the Complaint was filed and as of the date of the filing of this Notice of Removal, Plaintiff Jeffrey Miller, an individual, is and was a citizen of the State of California and resident in Napa County, California.

13. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp v. Friend,* 559 U.S. 77, 92-93 (2010). At the time the Complaint was filed and as of the date of the filing of this Notice of Removal, Defendant American was and is a corporation incorporated under the laws of the State of New York, with its principal place of business located in the State of New York.

### F. Amount in Controversy

14. This civil action is being removed to Federal Court on the basis that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented," *Jackson v. Am. Bar Ass'n,* 538 F.2d 829, 831 (9th Cir. 1976), or "the value of the particular and limited thing sought to be accomplished by the action." *Ridder Bros v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944). Moreover, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039,

1045 (9th Cir. 2011) (quoting *Cohn v. Petsmart, Inc.*, 281F.3d 837, 840 (9th Cir. 2002)) (per curiam) (quoting in turn *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333,347 (1977).)

15. American denies that it is liable for any of the damages alleged by Plaintiff. Nevertheless, Plaintiff's claims pertains to alleged "losses" to fine art works with a total value in excess of $18,000,000, and Plaintiff alleges that he as suffered losses which "total more than $4,000,000", and also requests prejudgment interest, punitive damages, and attorneys' fees. Accordingly, Plaintiff's Complaint seeks amounts far in excess of $75,000 exclusive of interest and costs and therefore satisfies the minimum jurisdictional limit.

### G.  Timeliness of the Removal Petition

16. On November 15, 2022, Plaintiff served the Complaint on Defendant American.

17. This Notice of Removal is filed on December 14, 2022, within 30 days of November 15, 2022, when Plaintiff's Summons and Complaint was served on Defendant American within the meaning of 28 U.S.C. § 1446(b)(1).

### H.  Initial Venue

18. Venue is proper in the United States District Court, Northern District of California, because the action was filed in the Superior Court of California, County of Napa. *See,* 28 U.S.C. §§ 1441(a), 1446(a).

### I.  Pleadings

19. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings and other documents that were previously filed in the action in the Superior Court of California, County of Napa are being filed with this notice of removal as Exhibits "A-E."

### J.  Notice

20. Notice has been filed contemporaneously with the Clerk of the Superior Court of California, County of Napa, providing notice of the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d). (*See*, Exhibit F.)

/ / /

/ / /

/ / /

## II. CONCLUSION

Wherefore, American prays that this action be removed to the United States District Court, Northern District of California, from the Superior Court of the State of California, County of Napa.

Dated: December 14, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ Kevin D. Hansen*
Kevin D. Hansen
Nicholas H. Rasmussen
Maria E. Valencia
Attorneys for AMERICAN HOME ASSURANCE COMPANY

8778071.1